# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. <u>24-CV-995</u> |
| **ASSORTED JEWELRY,** | : | |
| Defendant | : | |

...oOo...

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

COMES NOW the United States of America, Plaintiff in this action, by and through its attorneys, Erek Barron, United States Attorney for the District of Maryland, and Alexander Levin, Assistant United States Attorney, pursuant to 21 U.S.C. § 881(a)(6), to bring this verified complaint for forfeiture *in rem* against assorted jewelry seized on or about July 27, 2023, from 536 Doefield Court, Abingdon, Maryland, and alleges the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is a civil action *in rem* against seized property that was furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, or constituted proceeds traceable to such an exchange, and therefore should be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

## THE DEFENDANT *IN REM*

2. The Defendant Property consists of assorted jewelry seized on or about July 27, 2023 from 536 Doefield Court, Abingdon, Maryland (Asset ID: 23-DEA-705748, the "Defendant Property").[1]

3. In connection with an investigation into the drug trafficking activity of Vacshon BROWN, on July 27, 2023, investigators searched 536 Doefield Court, Abingdon, Maryland pursuant to a search and seizure warrant. During the course of the search, investigators found— on the rim of one of the toilets and in various plastic bags—powders and powdery residues that tested positive for fentanyl and cocaine. Throughout the house, investigators also found drug trafficking paraphernalia, firearms, ammunition, various quantities of U.S. currency, and the Defendant Property. In addition to his extensive record of state convictions for violent crimes and drug trafficking offenses, BROWN has been indicted in connection with the present investigation on counts of conspiracy, drug distribution, firearm possession, and money laundering. *See United States v. Brown, et al.*, Crim. No. JKB-24-035, ECF No. 17.

4. The United States brings this action *in rem* in its own right to forfeit all right, title, and interest in the Defendant Property.

5. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Special Agent Erica Maine, attached hereto as Exhibit A, and incorporated herein by reference.

---

[1] The assorted jewelry includes the following items: a 10K white-gold diamond Cuban link chain; a 10K tri-color gold money bag diamond pendant; a 10K white-gold ladies diamond heart pendant; a platinum diamond wedding band; a 14K gold diamond wedding band; a stainless steel and 18K white-gold Rolex Oyster Perpetual watch; an 18K yellow-gold Rolex Oyster Perpetual watch; a stainless steel and 18K yellow-gold Rolex Oyster Perpetual watch; and a stainless steel, 18K yellow-gold, and 14K yellow-gold Rolex watch.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881(a)(6).

7. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the Plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the Plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because acts and omissions giving rise to the forfeiture took place in the District of Maryland, and pursuant to 28 U.S.C. § 1395 because the Defendant Property is located in this district.

## LEGAL BASIS FOR FORFEITURE

9. Title 21, United States Code, Section 881(a)(6) subjects to forfeiture

> all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

10. Title 21, United States Code, Section 841(a)(1) makes it unlawful to knowingly or intentionally "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense, a controlled substance . . . ."[2]

---

[2] 21 U.S.C. § 802(6) defines a controlled substance as a "drug or other substance . . . including in Schedule I, II, III, IV, or V of Part B of this subchapter . . . ."

3

11. Title 21, United States Code, Section 846 makes it unlawful to "attempt[] or conspire[] to commit any offense defined in this subchapter . . .."

12. The Defendant Property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) "things of value" furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; or (2) proceeds traceable to such an exchange.

**WHEREFORE**, the Plaintiff, the United States of America, respectfully requests that:

(i) process of forfeiture be issued against the Defendant Property;

(ii) due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed;

(iii) judgment be entered declaring the Defendant *in rem* be forfeited to the United States for disposition according to law; and

(iv) the United States be granted such other relief as this Court may deem just and proper.

Respectfully submitted,

Erek Barron
United States Attorney

_____
Alexander Levin
Assistant United States Attorney
District of Maryland
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4948

## VERIFICATION

I, Erica Maine, a Special Agent with the Drug Enforcement Administration, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information known to me and/or furnished to me by other law enforcement agents and that everything represented herein is true and correct.

Date: 4/2/2024

Erica Maine
Special Agent
Drug Enforcement Administration

5